IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK LINCOLN, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:15-CV-642-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
|     Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Mark Lincoln, a federal prisoner confined at the Federal Correctional Institution (FCI-Fort Worth) in Fort Worth, Texas, against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I.  BACKGROUND**

Petitioner is serving a term of 200 months' imprisonment for his 2004 conviction in the United States District Court for the District of South Carolina for conspiracy to possess with the intent to distribute cocaine, cocaine base, and marijuana. Resp't's App. 7, 29, ECF No. 7. By way of this petition, Petitioner challenges a disciplinary proceeding conducted at USP Atlanta. Respondent provides the following factual summary of the disciplinary proceedings:

> On April 25, 2013, following a Special Investigative Services (SIS) investigation, staff at the United States Penitentiary in Atlanta, Georgia, concluded that Lincoln was involved in assaulting a fellow inmate at the satellite Prison Camp on April 3, 2013. The SIS investigation revealed that Lincoln had entered the victim's cube in the dorm and assaulted him with a lock in a sock while another inmate [William Turner] held the victim down on the bed. The SIS Lieutenant, therefore, wrote an incident report charging Lincoln with a violation of prohibited act code 224, assaulting any person.

Lincoln received a copy of the incident report the next day, April 26, 2013. An investigation of the incident report was conducted that same day. The investigator advised Lincoln of his qualified right to remain silent during the disciplinary process. After confirming that he understood his right, Lincoln told the investigator that he had no comment.

Lincoln appeared before a Unit Disciplinary Committee (UDC) on April 29, 2013. He told the UDC that his cellmate was a witness and would say that he did not commit the assault. The UDC referred the charge to the DHO for final hearing and disposition. Lincoln was advised of his rights at the DHO hearing and was afforded the opportunity to request witnesses and obtain the assistance of a staff representative. Lincoln requested a staff member to serve as a staff representative and requested three witnesses.

Lincoln appeared before the DHO on June 28, 2013. The DHO noted that the staff representative who Lincoln originally requested had retired, but Lincoln eventually agreed to a different staff member representative. The DHO also noted that Lincoln had asked to call three witnesses, but because Lincoln was moved inside USP Atlanta after being charged with the assault and the witnesses were housed at the lower security satellite camp, the witnesses could not be brought into the DHO hearing conducted within the secured perimeter of USP Atlanta. However, on June 26, 2013, two days prior to the hearing, Lincoln's agreed-upon staff representative interviewed Lincoln's cellmate (one of his witnesses), and the cellmate provided a written statement to the staff representative. The DHO noted that the two other witnesses were interviewed by either Lincoln's staff representative or one of the members of the UDC. The witnesses' statements were recorded in the DHO report.

The evidence considered by the DHO included the reporting officer's written statement as recorded in the incident report; the SIS report and the statements made to the SIS lieutenants investigating the assault[1]; Lincoln's statements to the UDC; the statements of Lincoln's requested witnesses as recorded by his staff representative or the UDC; and Lincoln's statement to the DHO that he was not guilty because he was asleep during the assault.

---

[1] The following are statements by several inmate witnesses (all spelling and grammatical errors are in the original):

1. The two dudes (Lincoln and Turner) you got the other day was the ones who beat that dude up, one grabbed him and the other hit him with a lock and sock.
2. Inmate Lincoln hit that dude with a lock and sock, he is the dorm bulley, I heard he and another hit him over some cell phones.
3. I do know the second guy you locked up (Lincoln) was the one who beat him up, I don't know who the guy was that helped.

Resp't's App. 23, ECF No. 7.

>Based on the greater weight of the evidence, the DHO found Lincoln guilty of a violation of prohibited act code 224, assault of another (inmate). The DHO sanctioned Lincoln with 27 days of disallowed good conduct time, loss of email privileges for six months, loss of visiting privileges for six months, and 27 days of disciplinary segregation. The DHO suspended the disciplinary segregation pending 180 days of clear conduct.
>
>Lincoln appealed the decision of the DHO. He exhausted his administrative remedies.

Resp't's Resp. 204, ECF No. 2-4 (record citations omitted).

## II. DISCUSSION

In the context of a prison disciplinary proceeding resulting in the loss of good time credits, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). "Some evidence" in support of the DHO's decision is all that is required. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-56 (1985); *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004). A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence. *Id.* at 455. It is the role of the DHO to determine the weight and credibility of the evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A federal court may act only where arbitrary or capricious action is shown–*i.e.,* "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994).

Petitioner claims the disciplinary proceedings failed to satisfy requirements (2) and (3), above, and the requirement that "some evidence" support the DHO's finding. Specifically, he claims

that he did not receive effective staff representation and that his opportunity to present evidence was dramatically hindered by his first staff representative's retirement, his second staff representative's unavailability at the time of the hearing, and his third staff representative's unfamiliarity with his case and inability to prepare for the hearing. Pet. 3-4, ECF No. 1. There is no constitutionally protected right to staff representation in a prison disciplinary proceeding.[2] *Morgan v. Quarterman,* 570 F.3d 663, 668 (5th Cir. 2009). Consequently, there is no cognizable habeas corpus claim for deficient assistance of a staff representative. *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976).

Nor was Petitioner prevented from presenting evidence or witnesses. Petitioner requested three witnesses and, although they were not called to the hearing for security reasons, they were interviewed by the investigating officer(s), the camp counselor L. Minnis, and/or Petitioner's staff representative(s) and the notes from those interviews were in evidence. Resp't's App. 22, ECF No. 7. Prison officials have the discretion to refuse to call witnesses that may create a risk to institutional safety. *Wolff*, 418 U.S. at 566. Petitioner points out that the DHO erroneously states in his report that camp counselor Minnis interviewed the three witnesses. This error, however, does not undermine the existence of some evidence to support the DHO's finding.

Petitioner also claims that the DHO acted arbitrarily and capriciously by basing his decision on the hearsay statements of inmates who had no firsthand knowledge of the incident and/or who were assigned to another dormitory and by altering the victim's statement to implicate Petitioner. Pet. 5-7, ECF No. 1. Hearsay can be, and often is, used in disciplinary proceedings which do not require the "full panoply of rights due a defendant" in a criminal prosecution. *Wolff,* 418 U.S. at 556.

---

[2]*Wolff* requires that inmates be provided with staff representation only when they are illiterate or the case is unusally complex. *Wolff,* 481 U.S. at 570. Petitioner does not assert that he is illiterate and his case was not complex.

*See also Choyce v. Cockrell,* 51 Fed. App'x. 483, 2002 WL 31319342 at *1 (5th Cir. 2002) (noting "the Court does not forbid the use of unsworn hearsay statements in prison disciplinary hearings"); *Hentz v. McCarran,* 48 F.3d 529, 1995 WL 84057, at *2 (5th Cir. 1995) (citing *Walker v. Bates,* 23 F.3d 652, 656 (2d Cir. 1994), *cert. denied,* 515 U.S. 1157 (1995) (providing prison disciplinary hearings rely heavily on hearsay evidence)); *Smith v. Rabalais,* 659 F.2d 539, 546 (5th Cir.1980) (providing officer was permitted to offer the hearsay testimony of a prison informer). Further, there is no evidence suggesting that the DHO intentionally falsified his report by misrepresenting the victim's statement. Nor does the error undermine the existence of some evidence to support the DHO's decision or provide a reason to otherwise question the validity of the entire report. Although technical errors may exist in the documentation on the hearing record, that fact does not provide sufficient reason to overturn the case. The DHO's finding of guilt was supported by "some evidence" and was thus not arbitrary or capricious.

The requirements of *Wolff* were satisfied in this case. The incident occurred on April 3, 2013. On April 26, 2013, after conclusion of the investigation, prison officials notified Petitioner of the disciplinary charges by delivering a copy of the incident report to him. Resp't's App. 13, ECF No. 7. On December 11, 2013, prison officials notified Petitioner that a hearing would be held on the next available docket, and he was advised of his rights at the hearing in writing. *Id.* at 17, 19. The disciplinary hearing was held on June 28, 2013. *Id.* at 21. Petitioner therefore received advance notice of the charges. At the hearing, Petitioner was offered a staff representative and was given an opportunity to make a statement, present evidence, and call witnesses on his behalf. *Id.* at 21-22. On July 3, 2013, and August 11, 2013, Petitioner was provided a copy of the DHO's decision, reasons for the action taken, and the evidence relied upon and he was notified of his right to appeal. Pet. 16-

17, ECF No. 1. Petitioner received all the due process to which he was entitled.

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petition is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 1st day of September, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**